# DEED.

Jackson *ex dem.* Erwin *v.* Moore, 4 Wend. 58.

In S. Ct. 6 Cow. 706.

*Deed; Construction of Grant; Boundaries and Description; Evidence.*

This was an action of ejectment, and the case arose upon the construction to be given to a conveyance of two certain tracts of land described as follows: "Two tracts or parcels of land lying, &c., being township No. 3, &c.; also township No. 4, &c.; *to be* 6 miles square, and containing 23,040 acres each, and *no more*, &c." The two tracts referred to, were in fact 6 by 8 miles in size.

The Supreme Court held, that the whole 6 by 8 miles in each tract passed to the grantee by this conveyance. The court considered the description of the parcels as a mere ref-

erence to or designation of the premises intended to be conveyed, and that in the description by the boundaries, or number of the lot, or other certain designation, the mention of the quantity in addition must be taken to be mere description, there being no express covenant that the land contains that quantity; and the quantity being the least certain part of the description, must yield to boundaries, or the number of the lot, or other more certain description; that effect should be given, if practicable, to every part of the description; that if the thing intended to be granted appear clearly from any part of the description, and other circumstances not applicable, are mentioned, the grant will not be defeated, but the erroneous part will be rejected; that the description was not ambiguous in a legal sense, so as to be a subject of explanation from extrinsic evidence.

It was also held by the Supreme Court, that the acts of a portion of the grantees, tenants in common, in locating land under a deed, will not affect their co-tenants, unless it appear that the latter sanctioned the acts in some way or manner. Also held by the Supreme Court, that the court will not presume a grant for the purpose of quieting ancient possession.

But the Court of Errors reversed the judgment of the Supreme Court, on the ground that it was the manifest intention of the parties that the townships should be but "*six miles square, and contain twenty-three thousand and forty acres, and no more.*" The court held therefore, that the township should be re-surveyed, and a correction made of the boundaries, so as to reduce each township to 6 miles square, and to the contents specified in the deed.

It was also held, that the grantees would have a right of election to locate their grant in any part of the two townships as surveyed at the date of the deed, the only restriction being to locate in a square form.

Judgment unanimously <em>reversed.</em>

The Chancellor in delivering his opinion, observes that "the judges of the Supreme Court appear to have supposed the verb '*to be*,' as having been inserted instead of the participle '*being*,' by the conveyancer, who copied the description from one in existence before the townships were surveyed."

The Chancellor denies the right of that court to resort to

such evidence to ascertain the meaning of words, which are clear and positive on the face of the deed.